[No. 9178–6–I.   Division One.   January 4, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. ALLEN
B. LOUCKS, *Appellant.*

---

*John Wolfe,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Monica Patrick, Legal Intern,* for respondent.

[As amended by order of the Court of Appeals May 26, 1982, deleting directions that the opinion should not be published.]

CALLOW, J.—Allen Boyd Loucks appeals his conviction for burglary in the second degree. He was found guilty in a trial to the court without a jury and received a 10–year suspended sentence. The sole issue on appeal is whether the State's evidence was sufficient to permit any rational trier of fact to find Loucks guilty beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980).

The residents of a Seattle home awoke early on May 13, 1979 to the sound of banging or hammering noises inside the house. A brief search indicated that the intruders were still inside, and police were summoned. When Seattle police officers arrived the intruders had left. A window on the main floor was open and a window in the basement door had been broken. A large prayer desk had been moved from

the basement onto the back patio. The police found fresh blood smears around the basement door and in the main floor library. Fingerprints were found near the basement door, in the room where the prayer desk had been located, and in the library.

Within minutes of the initial alarm to police, a Seattle police officer arrived with his specially trained police dog to attempt to track the burglar or burglars. The officer commanded the dog to search for the intruders, and the dog wandered through the house, picked up a scent in the basement, ran to the prayer desk on the patio, and then left the house with the officer close behind. The dog went to the residence just south of the burglarized house, ran down some outside steps, rounded a corner and stopped. The officer, following behind, could only see the back of the dog when it stopped and, thinking that it might have become distracted, ordered it to keep tracking. When the officer came closer to the dog, he saw that the dog was biting the leg of the defendant who was crouched in the stairway. Further investigation revealed that the defendant had been stopped by police near the victim's home about an hour before the burglary and cited for jaywalking.

At trial, police experts testified that the blood and fingerprints found in the burglarized home were not those of the defendant. The investigating officer, however, theorized that there were two entry points, the basement door and the main level stained glass window, and that two persons were involved in the burglary. The prayer desk was so large that in all probability it could not have been carried to the patio by one person. The officer testified that he had worked with tracking dogs for 7 years, and with Tally, the German shepherd used that evening, for 3½ years. The officer went through basic training with Tally and now conducts Tally's tracker training sessions; they have made over 100 arrests together.

■ Tracking dog evidence is admissible in court if an adequate foundation is laid. Conditions to admission include: (1) a qualified handler; (2) a dog adequately

trained in tracking humans; (3) a showing that the dog is reliable and has successfully tracked humans in the past; (4) placement of the dog where circumstances indicate the guilty party to have been; and (5) evidence that the trail had not become so stale or contaminated as to be beyond the dog's competency to follow. *State v. Socolof*, 28 Wn. App. 407, 623 P.2d 733 (1981). *See also Terrell v. State*, 3 Md. App. 340, 239 A.2d 128 (1968); *People v. Harper*, 43 Mich. App. 500, 204 N.W.2d 263 (1973); Annot., *Evidence of Trailing by Dogs in Criminal Cases*, 18 A.L.R.3d 1222 (1968); 1 J. Wigmore, *Evidence* § 177 (3d ed. 1940). These conditions were met and the trial court correctly admitted the evidence.

█ The evidence most favorable to the State includes the defendant's unexplained presence in the area of the victim's home just before the burglary, the tracking dog's detection of the defendant's scent inside the home and about the prayer desk, and the quick apprehension of the defendant crouched in a stairway in an adjoining home. It is inconsequential that the police did not apprehend the second suspect. Under the evidence presented, any rational trier of fact could find the defendant guilty beyond a reasonable doubt of burglary in the second degree.

The judgment and sentence is affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.

Reconsideration denied March 2, 1982.

Review granted by Supreme Court June 11, 1982.